IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 322-011 |
| | ) | |
| KENYATTE HARDEN | ) | |
| CODY HARDEN | ) | |
| RAY LOVETT | ) | |
| LEOTIS LOVETT | ) | |
| GLENN BAKER | ) | |
| CECIL MONTGOMERY | ) | |
| ANTHONY MONTGOMERY | ) | |
| CRYSTAL MILLER | ) | |
| SEDRICK MILLER | ) | |
| CARLOS TERRY | ) | |
| DARRYL JORDAN | ) | |
| TRAMAINE LYLES | ) | |
| ANTHONY WIGGINS | ) | |
| TAMMY WARREN | ) | |
| GLEN WILLIAMS | ) | |
| ASHA RENFROE | ) | |
| MARQUITA GILCHRIST | ) | |

**O R D E R**

As previously directed, the parties filed joint status reports that have informed the Court many of the pretrial motions have been resolved. (See doc. nos. 366-70, 372-83.) Therefore, a motions hearing is not required for the resolved motions, and the Court declares them **MOOT**. (Doc. nos. 82-84, 86, 238-46, 248, 257-58, 261-73, 275-86, 292, 296-302, 307-13.) As to the unresolved motions, the Court requires additional information, as described below.

Defendant Leotis Lovett states he has three unresolved motions which are referred to the undersigned: Motion for Jencks Material, (doc. no. 290), Motion to Suppress, (doc. no. 293), and Motion for Disclosure of Impeachment Information, (doc. no. 294). (See doc. no.

373.)  The government states it "has already complied with its obligations under the Jencks Act," (doc. no. 348, p. 2), but opposes "the disclosure of agents' and officers' rough notes absent a threshold showing of relevance and need," (id. at 3 (footnote and citation omitted)). Defendant's Jenks Act motion is presented in boilerplate fashion and fails to identify the particular information he believes has been improperly withheld.

Similarly, the government states it "is unaware of any undisclosed exculpatory, arguably favorable, or impeaching information at this time," (doc. no. 348, p. 5), and Defendant's motion for disclosure fails to identify any particular information he believes has been improperly withheld.  Finally, Defendant's boilerplate motion to suppress is presented in "general form," (doc. no. 293, p. 1), and does not comply with the requirements of Local Criminal Rule 12.1 regarding affidavits, citations to record evidence, and supporting memoranda.  As Defendant Leotis Lovett has already received an extension of time through and including April 3, 2023, to file any additional motions, (see doc. no. 341), he shall also have until April 3rd to particularize the three motions he states are unresolved.  Failure to particularize the above-listed three motions and bring the motions into compliance with the Court's Local Rules will result in the motions being deemed resolved or waived.

Upon receipt of the additional information described herein, the Court will determine how to proceed on these three motions, as well as on the unresolved motions to suppress wiretaps and electronic communications, (doc. nos. 303, 314, 317 (by adoption)).

SO ORDERED this 21st day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA